## BOB LEBRECHT v. STATE.

No. A-2960.    Opinion Filed September 12, 1918.

Rehearing Denied October 12. 1918.

(175 Pac. 119.)

**APPEAL AND ERROR—Harmless Error—Instructions.** The letter and spirit of the law is that if the defendant has had a fair trial, and if this court is satisfied that the verdict against the defendant was not reached by error, or as the result of passion or prejudice, the conviction should be affirmed. In this case erroneous instructions were harmless, for the reason that the defendant by his testimony admitted the facts necessary to a conviction.

*Appeal from County Court, Cotton County;*
*J. C. Norman, Judge.*

Bob Lebrecht was convicted of a violation of the prohibitory law, and appeals. Affirmed.

*John M. Young* and *B. M. Parmenter,* for plaintiff in error.

The Attorney General and *R. McMillan,* Asst. Atty. Gen., for the State.

DOYLE, P. J.   The plaintiff in error was convicted in the county court of Cotton county on an information charging that in said county on the 4th day of January, 1917, he did then and there willfully and unlawfully transport and convey 96 quarts of whisky and one quart of apricot brandy from the north end of the Burkburnett bridge across the Red river to a point one mile northeast of said bridge in Cotton county. His punishment was fixed

at 30 days' imprisonment in the county jail and a fine of $200. From the judgment rendered in pursuance of the verdict an appeal was perfected by filing in this court on March 17, 1917, a petition in error with case-made.

The evidence shows that the defendant, Lebrecht, was riding in an automobile driven by another man; that they crossed from Texas on said bridge; and were stopped by the officers about a mile and a half northeast of the bridge; that the automobile had the side curtains up and was loaded with 96 quarts of whisky in sacks and one quart of brandy. The defendant was partly intoxicated. He claimed the whisky in the car belonged to him and that he was taking it to Lawton for his personal use. As a defense the defendant placed his previous good character in evidence, and considerable testimony was given tending to support it. As a witness in his own behalf the defendant testified that he had lived at Lawton for 15 years and was connected with Lebrecht Hide Company; that his wife lived at Wichita Falls; that he frequently made trips to Wichita Falls to see his wife and get whisky for his own use, and sometimes he would bring back two or three cases of whisky; that Tucker, the driver, was hired by him to drive the car; that he never sold any whisky, and on this occasion he thought he would buy a load of it; that the automobile was stopped by some planks sticking up in a culvert; that he was taking the whisky to Lawton for his own personal use. Other testimony was offered tending to show that the defendant was a habitual user of whisky, and consumed on an average of two quarts a day.

The contention of counsel for the defendant upon the trial and in this court is that the transportation was interstate transportation of intoxicating liquors, that had been lawfully purchased in the state of Texas and was being

transported by the defendant to his home at Lawton, Okla., for his individual and private use, and for this reason the evidence is insufficient to sustain the verdict. The other alleged errors relate to the refusal of the court to give to the jury certain requested instructions and to the giving of certain instructions over the objection of the defendant. Upon an examination of the record we are of opinion that the defendant by his testimony admitted the facts necessary to a conviction and for this reason he could not be prejudiced by the instructions complained of.

On the undisputed facts as shown by the evidence we do not deem it necessary to consider the technical questions presented in plaintiff in error's brief. It is sufficient to say that the plain purpose, intent, and object of the prohibition ordinance of the Constitution, and the laws enacted to effectuate the provisions thereof, is to prevent the use of intoxicating liquors as a beverage. It follows that the evidence in the case tending to show the defendant's abnormal capacity to consume whisky was incompetent and irrelevant to any material issue in the case. This court has uniformly held that where the case is entirely made out against the defendant, and the jury has so found, the judgment will not be reversed for errors which do not affect the substantial merits of the case. Upon the undisputed facts and the law as we understand it, the defendant was rightfully and legally convicted.

The judgment of the county court of Cotton county herein is therefore affirmed.

ARMSTRONG and MATSON, JJ., concur.